In the Matter of MURRAY BERGER, an Attorney, Respondent. QUEENS COUNTY BAR ASSOCIATION, Petitioner.

Second Department, February 19, 1974.

*H. Stuart Klopper* for petitioner.

*Harold C. Harrison* for respondent.

*Per Curiam.* The respondent was admitted to the Bar on April 4, 1956 at a term of the Appellate Division of the Supreme Court in the Second Judicial Department. The petition charges the respondent with fraud, deceit and professional misconduct.

The Justice of the Supreme Court to whom the issues herein were referred has submitted his report to this court, in which he had found that the charge was sustained. Now, the petitioner moves and the respondent cross-moves to confirm the report.

The petition specifies that on March 11, 1971 the respondent was retained to represent a client in the defense of a charge of vehicular speeding, for which the latter had received a summons. A fee of $100 was agreed upon. Subsequently, the respondent advised the client that the fee would have to be increased to $800, because " there were at least three other people involved." Ultimately, a fee of $400 was agreed upon, with the understanding that $100 was for the respondent's legal fee and $300 for a guarantee of an acquittal. The respondent informed the client that they would meet with these unnamed people, who would tell them exactly what had to be done. No bribery was in fact involved.

According to a stipulation entered into by the parties, dated September 20, 1973, the respondent was subsequently convicted after trial in the Criminal Court of the City of New York, Queens County, of two counts of criminal solicitation in the second degree and the Appellate Term of the Supreme Court affirmed one of these convictions, i.e., the one which was for solicitation to commit bribery, although it reversed the other conviction, which was for solicitation to commit perjury. Leave to appeal further to the Court of Appeals was denied on June 28, 1973 by a Judge of that court. The Justice's report takes note of the conviction for criminal solicitation to commit bribery and its ultimate affirmance on appeal.

The respondent has, in essence, admitted the facts alleged in the petition. Accordingly, we find that the charge was sustained by the evidence and the motion and cross motion to confirm the report are granted.

In our opinion, the respondent's actions constituted a serious breach of professional ethics, which tended to bring the Bar and the judicial system into disrepute. We deem a suspension from the practice of law for a period of six months to constitute an appropriate discipline to be imposed. Accordingly, the respondent is suspended from the practice of law for a period of six months, commencing April 1, 1974.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.